

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Abraham A. Ribicoff Federal Building*      *(860) 947-1101*
*450 Main Street, Room 328*
*Hartford, Connecticut 06103*      *Fax (860) 760-7979*

June 4, 2010

Elliot R. Warren, Esq.
327 Riverside Avenue
Westport, CT 06880

> **Re:** **United States v. Luis Melendez, aka "Ramiro Morales-Cruz"**
> **Criminal No.** 3:10CR16(AVC)

Dear Attorney Warren:

This letter confirms the plea agreement entered into between your client, Luis Melendez ("defendant"), and the United States Attorney's Office for the District of Connecticut ("Government") concerning the referenced criminal matter.

**The Plea and Offense**

The defendant, Luis Melendez, agrees to plead guilty to Counts One and Two of the six-count Indictment filed in the District of Connecticut charging him with Access Device Fraud, in violation of Title 18 U.S.C. §1029(a)(2) (Counts 1,3, and 5) and Aggravated Identity Theft, in violation of Title 18 U.S.C. § 1028A(a)(1) (Counts 2,4, and 6).

He understands that to be guilty of Count One, Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2), the following essential elements of the offense must be satisfied:

    1. The defendant used an access device;

    2. The defendant used it without authorization and thereby obtained something of value aggregating at least $1,000 during a one-year period;

    3. The defendant acted knowingly, willfully and with the intent to defraud; and

    4. The defendant's conduct affected interstate or foreign commerce.

He further understands that to be guilty of Count Two, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), the following essential elements of the offense must be satisfied:

> 1. The defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person;
>
> 2. The defendant transferred, possessed, or used the means of identification of another person during and in relation to the commission of Access Device Fraud, according to Title 18, United States Code, Section 1029(a)(2); and
>
> 3. The defendant knew that the means of identification belonged to an actual person.

## The Penalties

Count One, in which the defendant is pleading guilty to a violation of Title 18, United States Code, Section 1029(a)(2), carries a maximum penalty of 10 years' imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to 2 years, with no credit for the time already spent on supervised release.

Count Two, in which the defendant is pleading guilty to Title 18, United States Code, Section 1028A(a)(1), carries a mandatory penalty of two years' imprisonment, to run consecutive to any term of imprisonment imposed as a result of the defendant's conviction under Count One of the Indictment.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction, for a total of $200 here. The defendant agrees to pay the special assessment to the Clerk of the Court.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (I) and § 3612(g).

**Restitution**

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The restitution is payable to the Clerk, United States District Court. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Defendant acknowledges that the loss caused to victims as a result of defendant's conduct is at approximately $781,571.80. The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution, as ordered, may result in a revocation of probation or a modification of conditions of supervised release, or in the defendant being held in contempt pursuant to 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's resentencing to any sentence which might have originally been imposed by the Court. *See* 18 U.S.C. § 3614.

**Sentencing Guidelines**

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 125 S. Ct. 738 (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence or the Guideline application is other than he anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to

which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3. Stipulation

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation of offense conduct and other relevant conduct relating to this case, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### 4. Guideline Calculation

The Government and the defendant stipulate that the defendant's applicable base offense level under U.S.S.G. § 2B1.1 is six (6). Based on currently available information, the parties agree that the amount of loss as a result of defendant's conduct is approximately $781,571.80, and therefore an additional fourteen (14) levels are added pursuant to U.S.S.G § 2B1.1(b)(1)(H). The level is further increased by 2 because the offense involved 10 or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(I). The defendant's adjusted offense level with a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, assuming the criteria as outlined in this plea agreement are met, is level 19. Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category VI. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate. A total offense level 19, assuming a Criminal History Category VI, would result in a range of 63 to 78 months of imprisonment and a fine range of $6,000 to $60,000. U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 2 years to 3 years. U.S.S.G. § 5D1.2.

Under U.S.S.G. § 2B1.6, the defendant would further be subject to a mandatory two-year consecutive sentence, as required by Title 18, United State Code, Section 1028A, upon his conviction for Count Two. Thus the parties stipulate that the aggregate sentencing range under the Guidelines would be 87 to 102 months of imprisonment.

In the event the Probation office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

The defendant expressly understands that the Court is not bound by this agreement on the applicable Sentencing Guideline provisions, the parties' estimate of the defendant's criminal history category and their estimate of fine ranges as specified above. The defendant further expressly understands that he will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

### 5. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 87 months and a term of supervised release that does not exceed three years. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### 6. Information to the Court

The parties expressly reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## **Waiver of Rights**

### 1. Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify

in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

## 2. Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or information or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## 3.    Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that under 18 U.S.C. § 3600, he has the right, under certain circumstances, to post-conviction DNA testing of evidence in the government's possession in support of a claim that he is actually innocent of the offense to which he is pleading guilty under this plea agreement. The defendant knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case and his right to file a petition under 18 U.S.C. § 3600 to compel that testing. The defendant fully understands that because he is waiving this right, the physical evidence in this case likely will be destroyed or will otherwise be unavailable for DNA testing in the future.

## Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**Scope of Agreement**

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**Collateral Consequences**

The defendant further understands that he will be adjudicated guilty of the offenses to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Finally, the defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**Satisfaction of Federal Criminal Liability; Breach**

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct described in the Indictment filed in the District of Connecticut and in this letter.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his pleas of guilty.

**No Other Promises**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachments or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

LUIS MELENDEZ
The Defendant

6\4\10

Date

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

ELLIOT R. WARREN, ESQ.
Attorney for the Defendant

6\4\10

Date

-8-

## STIPULATION OF OFFENSE CONDUCT

Defendant Luis Melendez ("the defendant") and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the charges in the Indictment:

On or about May 7, 2009, the defendant entered the Sam's Club located at 69 Pavilions Drive in Manchester, Connecticut. The defendant produced what purported to be the Massachusetts photo identification card of an individual with initials G.I., and represented himself as G.I., who is an actual person and who had a preexisting credit account at Sam's Club. Defendant requested a new Sam's Club membership and credit card, which is serviced by GE Money Bank and valid at Sam's Club and Walmart stores. Sam's Club produced a new card for the defendant and put the defendant's own picture on the card. G.I. did not authorize the defendant to obtain credit in G.I.'s name.

Then defendant then used this unauthorized card on May 7, 2009 and May 8, 2009 in numerous transactions and caused a loss of $9,771.60. These transactions occurred at the Sam's Club location in Newington, Connecticut and Walmart locations in Newington, Manchester, Groton, East Windsor, Wallingford, and Hartford, all in Connecticut.

The parties further stipulate that between April 2008 and July 2009, the defendant fraudulently took over approximately 117 Sam's Club and Walmart credit accounts in the same or similar manner described above. During that time frame, defendant engaged in transactions, using those credit accounts, at various Sam's Club and Walmart locations in Connecticut, New Jersey, Massachusetts, Rhode Island, New Hampshire, New York, Pennsylvania, Maryland, Delaware, and the Commonwealth of Puerto Rico. Defendant thereby caused a loss to Sam's Club, Walmart, and GE Money Bank in the amount of $781,571.80.

The defendant understands that this agreement cannot bind any other federal, state, or local authority. However, the defendant agrees that as a result of his agreement to plead guilty in Connecticut, the Court should order that the defendant pay restitution to the victims of his conduct in every state in which the defendant caused a loss, and in the full amount of the loss he caused.


LUIS MELENDEZ
Defendant

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY


ELLIOT R. WARREN, ESQ.
Attorney for Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1.     If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

A.     Return the property to the owner of the property or someone designated by the owner; or

B.     If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -

(I)     the value of the property on the date of the damage, loss, or destruction; or

(II)    the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.     In the case of an offense resulting in bodily injury to a victim --

A.     pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

B.     pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

C.     reimburse the victim for income lost by such victim as a result of such offense;

3.     In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.     In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the

defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court also may order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

Pursuant to 18 U.S.C. § 3664 (j)(2), any amount paid to a victim under an order of restitution issued by the Court shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State.